## TROSPER v. McKEE.

No. 20601. Opinion Filed Nov. 3, 1931.

A. E. Pearson and Hal Houston, for plaintiff in error.

Burford, Miley, Hoffman & Burford, for defendant in error.

RILEY, J. The parties to this appeal are in the same relation as in the trial court and will be herein referred to as plaintiff and defendant.

The action is one for damages and the petition declares upon two causes of action. The first cause of action is for damages based upon certain alleged fraudulent misrepresentations of defendant in respect to the north boundary of certain lots located in Winans Highland Terrace addition to Oklahoma City, thereafter sold and conveyed by defendant to plaintiff.

The substance of plaintiff's charge of fraud is that during the negotiations leading up to the sale plaintiff was shown the property and defendant particularly called his attention to the spacious grounds, fruit trees, rose garden and underground sprinkling system, etc., on what appeared to be the north portion of the lots, and also to a retaining wall built of tile and stucco of the same material as the house on the premises; that in showing the said property to plaintiff, defendant called his attention to all these things in such a way that a person would naturally believe that said retaining wall was on the property, or at least the north boundary line thereof, and that the rose garden, shrubbery, fruit trees, and sprinkling system were all on the grounds he bought; that during such negotiations defendant well knew that plaintiff believed that the wall, flower garden, shrubbery, trees, and all the sprinkling system were a part of the property; that an ordinary investigation of the property would not reveal otherwise; that defendant stressed the beauty of the flower garden in such a way as to lead plaintiff to believe that all the wall and all the land south thereof was a part of the property, and that plaintiff fully believed such to be the case when he looked at the property, and the defendant knew that plaintiff so believed, and by his actions and words, though not actually asserting the same to be true, defendant led plaintiff to so believe; that defendant well knew all the time that such was not the case, and well knew that the original owner of the premises had by mistake built the wall some eight or nine feet over the line and on adjoining lots owned by other parties, so that the wall and eight or nine feet of ground immediately south thereof upon which a part of the fruit trees, flowers, shrubbery and sprinkling system were located was not his property; that believing that all within the wall was included in the property and not suspecting anything different, plaintiff purchased the property; that defendant knowingly, willfully, and maliciously kept the facts concerning the location of the north boundary of said lots from the plaintiff, all to his damage in the sum of $8,500, for which sum he prayed judgment.

The second cause of action was based upon alleged specific false representations made by defendant to the effect that the roof on the building on said premises did not leak, when in truth and in fact the roof was in bad repair and leaked badly: that the cost of the repair of the roof was $190, which was at the trial amended to the sum of $500. for which latter sum he finally prayed judgment.

Defendant answered the allegation of fraud as to the first cause of action substantially as follows:

"Further answering this defendant alleges and states that the said plaintiff had knowledge, both actual and constructive, that the wall referred to in plaintiff's petition, and the shrubbery and other things thereon and therein contained were claimed to be or were upon lands belonging to parties other than this defendant, which knowledge the said plaintiff had at the time the transfer of the property in said petition referred to was transferred and the consideration paid therefor, and that the said plaintiff, in consummating said transaction and receiving and accepting the deed from this defendant, acted with full knowledge as to the exact situation in regard to said premises."

And answered as to the second cause of action by general denial. Plaintiff's reply was a general denial.

A jury was impaneled to try the issues. Demurrer was sustained to plaintiff's evidence as to the first cause of action. The issues involved in the second cause of action were submitted to the jury, resulting in a verdict for defendant, and plaintiff appeals.

The only questions presented go to the correctness of the ruling of the trial court in sustaining defendant's demurrer to plaintiff's evidence as to the first cause of action. No complaint is made as to the correctness of the proceedings relative to the second cause of action.

We are, therefore, called upon to examine the evidence only so far as it relates to plaintiff's first cause of action.

The evidence was such as to reasonably tend to show that defendant, in his negotiations with plaintiff and in showing the premises, concealed or suppressed certain material facts concerning the north boundary of the lots, which he was in good faith bound to disclose. This was equivalent to false representation within the rule announced by this court in Miller v. Wissert, 38 Okla. 808, 134 P. 62, wherein it was held:

"If, with intent to deceive, either party to a contract of sale conceals or suppresses a material fact, which he is in good faith bound to disclose, this is evidence of an equivalent to a false representation, because the concealment or suppression is in effect a representation that what is disclosed is the whole truth. The gist of the action is fraudulently producing impression upon the mind of the other party, and, if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant, or his concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff."

In Henry v. Collier, 69 Okla. 24, 169 P. 636, the rule was stated as follows:

"The gist of a fraudulent misrepresentation is the producing of a false impression upon the mind of the other party, and if this result is actually accomplished, the means of accomplishing it are immaterial."

But it was developed in plaintiff's evidence that after the acts and alleged concealment by defendant, the parties agreed upon terms of sale and exchange of property, and entered into a certain agreement in which each agreed to furnish the other with a complete abstract showing good and merchantable title. That thereafter and before the consummation of the trade, defendant furnished plaintiff with an abstract of title to the lots owned by defendant, which abstract contained a complete copy of an existing agreement between defendant and Nellie H. Bernstein, the owner of the lots abutting those of defendant on the north, which agreement was signed by the parties, duly acknowledged and of record in the office of the county clerk of Oklahoma county, and which reads as follows:

"This agreement made this 10th day of December, 1926, by and between Nellie H. Bernstein and Kee R. McKee, witnesseth:

"That, whereas, Nellie H. Bernstein claims to be the owner of the east eight feet of lot seven (7) and the west sixty-seven (67) feet of lot six (6) in block (7), Winans Highland Terrace addition to Oklahoma City, Okla.

"And, whereas, certain parts of the aforementioned properties abut at the rear thereof;

"And, whereas, the official recorded plat of said Winans Highland Terrace shows each of said lots to be one hundred forty-two and five-tenths (142.5) feet in length.

"And, whereas, it is claimed that parts of a certain wall and certain shrubbery owned by the said McKee are in fact located in part of said lots six (6) and seven (7), now, therefore, in consideration of the mutual agreements herein made and in order to define the rights of the respective parties at the present and in the future, it is agreed as follows, to wit:

"1. The said McKee does not now nor will he hereafter claim title, by reason of past, present, or future occupancy thereof, to any part, parcel, or portion of said lots six (6) or seven (7), the rights of the said McKee being confined to the said lots eight (8) and nine (9) and the west ten (10) feet of said lot ten (10), all according to the recorded plat thereof.

"2. Nellie H. Bernstein agreed that any part of said wall or shrubbery which may be located upon the east eight (8) feet of said lot seven (7) and the west sixty-seven (67) feet of said lot six (6) may remain without interference from the said Nellie H. Bernstein until 30 days after such time as the said Nellie H. Bernstein shall give the

said Kee R. McKee written notice to remove the same.

"All the covenants and agreements of this contract shall be binding upon the heirs, executors, administrators, and assigns of the respective parties."

Plaintiff admitted that he knew of this agreement and had read the same and that before he closed the trade he went and viewed the premises and made some inquiry of one McCracken, the real estate agent, who it appears represented both parties in making the trade, and who was paid by both parties, as to what it meant and as to what the facts were. However, he made no inquiry of Nellie H. Bernstein as to what her claims were in the matter or as to whether or not the wall was on or north of the boundary line, nor did he inquire further of defendant concerning the matter. Had he inquired of Mrs. Bernstein he would have learned that Mrs. Bernstein was not only claiming that the wall was not on the boundary line, but that she was claiming that it was some eight or nine feet north of the boundary line, and that she was claiming some eight or nine feet of the space of ground included in the flower garden, etc., and he would also have learned that this space of ground actually belonged to Mrs. Bernstein.

It seems reasonably clear that it was upon plaintiff's admission of the knowledge of the existence and contents of this contract that the trial court sustained the demurrer to plaintiff's evidence.

Many cases are cited by plaintiff stating the well-established rule as to what constitutes actionable fraud. Many cases are also cited showing the well-established rule that where there is any evidence reasonably tending to establish the allegations of a petition, it is error to sustain a demurrer thereto. But plaintiff cites no authority as to the real question involved, namely, the effect of knowledge by plaintiff of the existence of the agreement quoted and his failure to make inquiry as to facts stated in or suggested by the contract. He contends that the agreement was wholly insufficient to put him on notice that the wall, which he claims appeared to be on the north boundary line of the property, was in fact over the line and on adjoining lots. No doubt the conditions as shown by a casual inspection of the premises and the conduct of defendant, his action and words, when taken together, were sufficient to lead plaintiff to believe that the retaining wall and the ground contained in the flower garden were a part of the premises involved and were sufficient to deceive plaintiff and leave a false impression upon

his mind upon this point. But how could he close his eyes to the statements made in the agreement which his counsel admits he saw and read before giving his deed to defendant and accepting one from him? It plainly told him of the claim that certain parts of the wall and shrubbery were in fact located in part upon Mrs. Bernstein's lot. It plainly told him that McKee did not and would not claim title thereto by reason of past or future occupancy. It also told him that Nellie H. Bernstein had agreed to permit any part of the wall or shrubbery that might be located upon her lots to remain without interference only 30 days after she had given McKee notice to remove same. It also told him that the covenants and agreements contained in the contract should be binding upon the heirs, executors, administrators, and assigns of the respective parties. He knew then that if he took title to the McKee lots he would do so subject to whatever right Nellie H. Bernstein had in and to any part of the land occupied by the wall and the garden that might be found to be upon her lots.

In Ehret v. Price, 122 Okla. 277, 254 P. 748, it was held:

"The proper registration of a conveyance operates as constructive notice to all subsequent purchasers and is as effectual in law as personal notice.

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

In Dow v. Worley, 126 Okla. 175, 256 P. 56, it was held:

"Whatever is notice enough to excite attention and put a reasonably prudent person on his guard and calls for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it."

In Coleman v. Armstrong, 128 Okla. 87, 261 P. 228, it is held:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence is deemed to have notice of the fact itself."

No reasonably prudent man under similar circumstances would have failed to have gone to Nellie H. Bernstein, who the evidence shows lived upon the adjoining lots, and made inquiry of her as to what her claims were under said agreement. This, plaintiff admitted he did not do. Had

**16**

he done so, he would have learned the truth.

The evidence is that the length of the lots owned by McKee and those owned by Mrs. Bernstein were 142.5 feet; that there was no alley between them, thus showing that the entire length of the block was 285 feet. A simple measurement would have disclosed that the retaining wall was some feet north of the center line of the block. Instead of making inquiry of the interested party, or making any measurement, plaintiff chose to examine the property in conjunction with certain telephone poles which had been placed upon the line of the wall instead of the line between the lots. From this examination he concluded that the controversy mentioned in the agreement could not involve more than a few inches, which he deemed of little importance and not sufficient to influence him in making the trade.

In Southern Development Co. v. Silva, 125 U. S. 247, 31 L. Ed. 683, the Supreme Court of the United States said:

"Where the purchaser undertakes to make investigations of his own, and the vendor does nothing to prevent his investigation from being as full as he chooses to make it, the purchaser cannot afterwards allege that the vendor made misrepresentations."

The above was quoted with approval in Wyrick v. Campbell, 67 Okla. 240, 170 P. 267, a case involving actual misrepresentations as to value. In discussing this rule the court said:

"The law does not deny its aid in such cases because it looks upon a want of candor and sincerity with indulgence, but because it will not encourage that indolence and inattention which are no less pernicious to the interests of society, and will not relieve those who suffer damage by reason of their own negligence or folly."

We conclude that, although defendant in the first instance may have been guilty of actions and conduct calculated to deceive, and which may have deceived plaintiff, he afterwards put plaintiff in possession of information of such nature as to put plaintiff upon inquiry as to the very matter concerning which the conduct and actions of defendant, relied upon, occurred and were made, and sufficient to call for an inquiry which if made would have inevitably led to the facts. He must then be deemed to have been conversant with such facts. With notice of the contract and in the face of the information therein, calling for inquiry, which if made must have led to the truth, he thereafter closed the deal, and cannot

be heard to say that he relied upon the prior acts and conduct of defendant to his damage.

The trial court did not err in sustaining defendant's demurrer to plaintiff's evidence, and the judgment is, therefore, affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent. LESTER, C. J., absent.

Note.—See under (1) annotation in 28 L. R. A. (N. S.) 207; 27 R. C. L. 366-368, 387; R. C. L. Pocket Part title "Vendor & Purchaser," § 67. (2) 20 R. C. L. 346; R. C. L. Perm. Supp. 4885; R. C. L. Pocket Part, title "Notices," § 7.