TRIANGLE ROYALTY CORP. et al.
v. GRAVES et al.

No. 34792. April 1, 1952.

Rehearing Denied May 6, 1952.

*242 P. 2d 740.*

Houts & Houts, Alva, for plaintiffs in error.

Mauntel, Spellman & Doolin, Alva, for defendants in error.

GIBSON, J. We shall refer to the parties in the order of their appearances in the trial court. Plaintiffs in error were plaintiffs.

Plaintiffs were all owners of undivided interests in the oil, gas and mineral rights of a described 160 acres of land in Woods county, Oklahoma, acquired under and by virtue of a mineral deed delivered to one John H. Dorlon by Wilkerson L. Purcival and Christena Purcival, former owners of the land. Defendants are the present owners of the land, a mortgagee and the holder of an oil and gas lease, the mortgage and the lease having been executed since the recordation of the mineral deed aforesaid. Plaintiffs began this action to quiet title to their mineral interests in the aggregate of 26/64ths of all the minerals. The case was submitted on signed stipulations and further stipulations by counsel in open court. Judgment was rendered that plaintiffs take nothing and defendants were discharged with their costs. Plaintiffs appeal.

The pertinent stipulated facts are, Christena Purcival, hereinafter called Purcival, was the original owner of the land involved and was joined by her husband in all conveyances made by her; December 5, 1923, Purcival executed a real estate mortgage on the property to Federal Land Credit Company, which mortgage was assigned to Joseph Fleming; July 28, 1928, Purcival executed a mineral deed conveying an undivided one-half interest in the minerals to John H. Dorlon, which deed was recorded August 20, 1928; there has been no production of oil or gas on the property. By mesne conveyances plaintiffs acquired and hold the mineral interests set forth in the petition; November 10, 1934, Fleming commenced an action to foreclose his mortgage and all plaintiffs or their

predecessors were made parties defendant and had actual or constructive notice of the pendency of that action. Judgment was rendered foreclosing the mortgage as a first lien, and under an order of sale the property was sold, free and clear of the mineral rights of plaintiffs to Joseph Fleming, the holder of the mortgage, and a sheriff's deed was issued to Fleming. The sale was held November 26, 1935, confirmed December 7, 1935, and the sheriff's deed was issued December 9, 1935. ·

All the foreclosure proceedings were regular and are not subject to collateral attack, and Purcival retained and was in actual possession of the property until April 18, 1939, when she executed a warranty deed conveying all right, title and interest to Martha G. Williams. Prior to the confirmation of the sheriff's sale and on December 2, 1935, Fleming, the judgment creditor and purchaser, executed his general warranty deed purporting to convey all right, title and interest in the property back to Christena Purcival, and Fleming no longer has any interest in the property. Martha G. Williams executed a warranty deed to Lyle W. Fish and wife, who executed an oil and gas lease to Frank B. Murta and he assigned to Sinclair Oil & Gas Company, named as a defendant in this action. On March 4, 1947, Fish and wife by warranty deed conveyed to defendants Boyd M. Graves and Elsie A. Graves, the present owners. Graves and wife executed a real estate mortgage to defendant Occidental Life Insurance Company of California on April 2, 1947. All conveyances above mentioned were duly recorded.

In their briefs plaintiffs say that the trial court erred in point of law by holding that grantor Purcival and her privies are not estopped by unconditional covenants of warranty contained in the mineral deed to assert adversely to the mineral interests, a title subsequently acquired through the owner of a pre-existing lien, and in refusing to render judgment for the plaintiffs.

We must agree with this contention.

This day this court has handed down three decisions which apply the doctrine of estoppel by deed to the assertion of an after-acquired title by grantor as against the grantee in a mineral deed containing unconditional covenants of warranty. The cases parallel the instant case.

We refer to Equitable Royalty Corporation v. Hullet et al., 206 Okla. 233, 243 P. 2d 986, and Hanlon v. McLain, 206 Okla. 227, 242 P. 2d 732, and Bliss v. Wilcox Oil Co., 206 Okla. 232, 242 P. 2d 739. Authorities cited in this case were cited and considered in the above mentioned cases.

Under the authority of the cases cited above the judgment should be reversed.

In fact, the instant case is weaker than the above mentioned cases in one respect. Here the original owner and plaintiffs' grantor actually acquired the title from the holder of the mortgage, prior to the confirmation of the sheriff's sale and the issuance of the sheriff's deed. Defendants admit that such a situation is an excellent example of the doctrine of after-acquired title strengthening the title of the grantee.

It appears to us that the legal effect of the transaction wherein Purcival purchased the title from Fleming, the mortgage holder, before the sheriff's sale was confirmed, was nothing more nor less than a redemption from the mortgage which she was obligated to redeem if her covenant in the mineral deed to plaintiff was to be complied with. The encumbrance of the mortgage was discharged while the creditor held his judgment but before he acquired full title by confirmation of the sale.

Defendants say that the action is barred by the statute of limitation, Tit. 12 O. S. 1951 §93, par. 1, which limits to five years the bringing of an action for the recovery of real property sold on execution, and cite Sheffel v. Cities

Service Oil Co., 203 Okla. 435, 222 P. 2d 1024.

The instant action is not a direct attack upon a title acquired by a mortgagee at a foreclosure or other sale on execution. It is not an action for the recovery of real property, but it is an action to quiet title to an interest in real property, admittedly vested prior to the foreclosure proceedings. Neither the above mentioned statute nor the cases cited by defendants have application here. State ex rel. v. Reynolds, 201 Okla. 400, 206 P. 2d 184; Burns v. Bastien, 174 Okla. 40, 50 P. 2d 377.

The defendant mortgagee and the present owners hold their respective titles subject to the recorded mineral deeds of plaintiffs.

The judgment of the trial court is reversed with directions to enter judgment for plaintiffs.

HALLEY, V. C. J., and DAVISON, JOHNSON, and BINGAMAN, JJ., concur. WELCH, CORN, and O'NEAL, JJ., dissent.