John C. MARX and Dora Marx, his wife,
Plaintiffs in Error,

v.

Roscoe L. BEARD, Defendant in Error.

No. 37202.

Supreme Court of Oklahoma.

Oct. 2, 1956.

Miles & Miles, Beaver, for plaintiffs in error.

Lansden & Drum, Beaver, for defendant in error.

BLACKBIRD, Justice.

This appeal arose out of an action to quiet title instituted in February, 1955, by defendant in error, as plaintiff, to quiet his title against plaintiffs in error, who are husband and wife, as defendants, to an undivided one-half interest in the minerals underlying a certain tract of land. The parties will hereinafter be referred to by their trial court designations.

According to the undisputed facts established at the trial, it was several years after defendants had mortgaged said land to the Federal Land Bank, and while it remained so encumbered, that defendants conveyed the aforesaid mineral interest to plaintiff by a mineral deed containing a general warranty of title. Thereafter, said Bank foreclosed its said mortgage by a regular foreclosure action, in which plaintiff was joined as a party defendant. At the sheriff's sale, ordered after judgment in said foreclosure action, the Federal Land Bank was the purchaser, and, as evidenced by its sheriff's deed, executed in September, 1934, it became owner of the entire fee simple title to said tract. After owning same slightly more than thirteen years, the Land Bank, in 1945, conveyed said land back to the defendant husband, reserving a half of the minerals thereunder; and, according to the undisputed testimony of one of the defendants, they went into possession of said land during the same year, or the previous one, and have ever since remained in possession thereof. Despite the fact that they had, previous to the foreclosure, sold the other half of the minerals to plaintiff, as aforesaid, defendants, apparently about the same time they reacquired the land, executed an oil and gas lease covering a half interest in the minerals and thereafter collected delay rentals thereunder for the full 10-year term of said lease.

After the above, and other facts unnecessary to mention, had been established, the trial court entered judgment for plaintiff, quieting his title as prayed for in his petition to an undivided one-half interest in the minerals in and under the land.

Defendants have perfected the present appeal urging that the trial court erred in not holding, as they had asserted in their answer, that the action was barred by limitations five years after the Federal Land Bank purchased at foreclosure sale, and went into possession of, the land in 1932. On the premise that limitations began to run on the latter date, they now argue that plaintiffs' action has long since been barred, whether the applicable limitation period is the 5 years prescribed in subparagraph (1) of sec. 93, Tit. 12 O.S.1951, or the 15 years prescribed in subparagraph (4) of said section.

 In this argument, defendants err in at least two respects; the first of which is that a cause of action to enforce a warranty of title covenant against the covenantor after he reacquires the property, does not come into being until such reacquisition; and therefore no period of limitations can begin to run against it before that time. The case of Rennie v. Gibson, 75 Okl. 282, 183 P. 483, which defendants cite for their major premise as to the date the limitation period began to run, does not apply to such a cause of action. In that action, the plaintiff was not seeking specific performance of his grantor's covenant of title, as was plaintiff in this case. Plaintiff there was seeking damages for his grantor's *breach* of such covenant. In addition to Rennie v. Gibson, supra, see Morris v. Lain, 176 S.C. 310, 180 S.E. 206, 100 A.L.R. 1189, and the Annotations at 98 A.L.R. 1050 and 14 Am.Jur., "Covenants, Conditions and Restrictions", sec. 122. The plaintiff here involved might have founded a cause of action upon such a breach, and, long before he brought this action, sought damages from defendants therefor. Instead, he chose to disregard the breach and await revestment in de-

fendants of title to a sufficient interest in the land, to reinstate his interest, and, in effect, obtain specific performance of their warranty on the theory of after-acquired title. See Tit. 16 O.S.1951 § 17; 16 Am. Jur., "Deeds", sec. 338 et seq.; Annotation, 144 A.L.R. 554, 561. The theory supporting plaintiff's cause of action here has been referred to as "Estoppel By Deed" see Hanlon v. McLain, 206 Okl. 227, 242 P.2d 732, and 31 C.J.S., Estoppel, § 46 et seq., and is similar, in some respects, to that applied in tax resale cases for the protection of mineral rights holders. See the discussion in Colby v. Stevenson, Okl., 265 P.2d 477, 479. Here, the plaintiff is in the same relative position to defendants, as was Colby to his Grantor, Glasco, in the cited case, where this court said: "It was not until Glasco did regain his title that Colby could present his claim that his mineral rights were revested in him * * *". And, though plaintiff's mineral rights, as between him and the Federal Land Bank, were extinguished when the order confirming the foreclosure sale to said Bank became final, just as in the cited case, Colby's rights, as between him and Bonney, were extinguished by the tax sale to Bonney; yet, when defendants again acquired title to the land, plaintiff's rights were revested. As this reacquisition and revesting did not occur here until 1945, it is plain that the long term, or 15-year, period of limitations, even if applicable (which does not have to be determined), had not expired when plaintiff instituted this action in 1955.

In addition to what we have pointed out about the nature of plaintiff's cause of action in demonstrating that it could not have accrued before defendants' reacquisition of the land, this court has already held that this type of action is not one for the recovery of real property. See Triangle Royalty Corp. v. Graves, 206 Okl. 409, 242 P.2d 740. Thus defendants' contention that the 5-year limitation period made applicable to execution and judicial sales of real estate by sec. 93(1), supra, applies to

a cause of action like plaintiff's has already been determined adversely to them.

As defendants have failed to demonstrate any error in the judgment of the trial court, said judgment is hereby affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

WELCH, J., concurs in result.