Virginia **LUCUS** and James Brown, Plaintiffs in Error,

v.

Gretchen **COWAN,** Charles Speice, Annette Spears, Rubie Speice, Katherina Riddiford, John M. Speice, II and Harriet Speice Rice, Defendants in Error.

No. 38899.

Supreme Court of Oklahoma.

Dec. 20, 1960.

C. Everett Murphy, Kingfisher, for plaintiffs in error.

Shutler, Shutler, & Baker, Kingfisher, for defendants in error.

HALLEY, Justice.

The parties before us occupy the same relative positions as they did below. They will be given their trial court designations.

Plaintiffs instituted this action in October, 1958, to quiet their title to an undivided one-fourth interest in minerals underlying a certain quarter section of land situated in Kingfisher County. Like relief was sought by the defendants who filed a cross-petition. The issues were submitted on stipulation of facts. Judgment was rendered in favor of defendants on their cross-petition. Plaintiffs seek corrective relief from this Court.

The facts, so far as pertinent, disclose that on November 26, 1927, one Dexter T. Porter together with his wife, conveyed to J. M. Speice, by deed containing unconditional covenants of warranty, an undivided one-half interest in minerals underlying the tract in question. It is undisputed that at the time of this conveyance Porter (and his wife) held a fee-simple title to the quarter section which was then encumbered by a mortgage, executed by them on June 10, 1927. J. M. Speice thereafter conveyed an undivided one-fourth interest acquired from Porters and retained the other one-fourth. Subsequently a foreclosure proceeding was instituted by the mortgage holder and resulted in the sheriff's sale of the quarter section to the mortgagee and sheriff's deed issued November 19, 1932. Speice and other owners of the outstanding mineral interests were made parties to that action. Porter and his wife continued in possession of the premises after the sale and in 1934 they reacquired their title to the property by deed from the mortgagee. In 1941, the quarter section was conveyed by Porters to Gardie and Virginia Brown, husband and wife. When the latter were divorced, Virginia Brown, now Lucus (who is one of the plaintiffs in this action) obtained, by way of property settlement, one-half interest in the land and the other half, which was set apart to Gardie Brown, was later acquired by James Brown who is the other plaintiff in this action. The cloud sought to be removed concerns solely the undivided one-quarter mineral interest retained by J. M. Speice, which defendants claim under the final decree of said J. M. Speice, deceased. The mineral interest of like quantum, which Speice had conveyed prior to his death, was quitclaimed to the plaintiffs in 1948 and is not in issue in the present action.

At the trial, defendants invoked the familiar doctrine of estoppel by deed and asserted that the mineral interest of J. M. Speice had re-attached immediately upon Porter's reacquisition of the quarter section subsequent to the foreclosure sale. The judgment of the trial court, as reflected by his comments, is predicated on this theory.

Plaintiffs assert, among others, that they were not in privity with Speice, or his heirs and therefore it was error to apply, as to them, the rule of after-acquired title.

The doctrine of estoppel by deed, while of common-law origin, was infused into our jurisprudence by a direct statutory enactment, 16 O.S.1951 § 17. It is well established in the body of our decisional law and has been reiterated recently. Grisham v. Southland Royalty Company, Okl., 332 P.2d 1099; Marx v. Beard, Okl., 302 P.2d 132. A terse definition of the rule, found in Section 16, 19 Am.Jur., Estoppel, p. 603 is as follows:

"Estoppel by deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it. * * *"

See Equitable Royalty Corp. v. Hullet, 206 Okl. 233, 243 P.2d 986.

The rule of estoppel, it is readily seen, is applicable not only to the grantor in the deed, but it binds, with equal force and efficacy, those "in privity" with him. Grisham v. Southland Royalty Company, supra; 31 C.J.S. Estoppel § 46.

It is undisputed that plaintiffs, who deraign their title from Porter, do not hold the same from an "independent" source, but are in privity with the said grantor. Privity, as applied to the law of estoppel by deed, means mere succession of rights, that is, the devolution, in whole or in part, of the rights and duties of one person upon another. 31 C.J.S. Estoppel § 51, p. 229. In Triangle Royalty Corp. et al. v. Graves, 206 Okl. 409, 242 P.2d 740, estoppel was held available to the grantee of mineral interest as against subsequent purchasers from the grantor, who, like Porter, had reacquired title from the mortgage holder.

Plaintiffs obviously misconstrued the rule. To make estoppel by deed applicable

against them, it was not necessary that plaintiffs be in privity with Speice, the grantee, or his heirs, but that they be in privity with the grantor, Porter.

■ Neither can we agree that plaintiffs are innocent purchasers for value without notice. It suffices to say that they were charged with knowledge of Porter's prior mineral deed to Speice which appeared of record when they purchased the property from Porters. See Triangle Royalty Corp. v. Graves, supra.

The most serious contention urged by the plaintiffs below and advanced in their briefs on appeal is that defendants were barred by the statute of limitations, 12 O.S. 1951 § 93, subds. 1 and 4, from asserting their title to the minerals.

The inapplicability of 12 O.S.1951 § 93, subdiv. 1, to an action of this nature was decided by this Court in Triangle Royalty Corp. v. Graves, supra, and Marx v. Beard, supra. In both cases it was emphasized that an action of this character is not one for the recovery of real property, but to quiet title to an interest thereto.

Our previous decisions have not directly dealt with the 15 years' bar, as prescribed by 12 O.S.1951 § 93, subdiv. 4, although in Marx v. Beard, supra, it was pointed out that if this limitation applied, a cause of action, such as this, would "not come into being" until the grantor sought to be estopped had reacquired his title to the premises [302 P.2d 133].

■ It is settled law in Oklahoma that a grantor who conveys a mineral interest in land under warranty of title, which land is subject to a mortgage and which the grantor is obligated to satisfy, but thereafter permits the property to be sold at a mortgage foreclosure, subsequent reacquisition of such property by said grantor operates to revest immediately the after-acquired title in grantee and will inure to his benefit. Grisham v. Southland Royalty Company, supra; Marx v. Beard, supra; Equitable Royalty Corp. v. Hullet, supra; Hanlon v. McLain, 206 Okl. 227, 242 P.2d 732; Bliss v. Wilcox Oil Co., 206

Okl. 232, 242 P.2d 739; Triangle Royalty Corp. v. Graves, supra; Born v. Bentley, 207 Okl. 21, 246 P.2d 738.

It is uniformly held that such after-acquired estate passes to the grantee, on his grantor's re-entry into the chain of title, by operation of law, and without intervention of any court, 31 C.J.S. Estoppel § 35, p. 212.

■ Since the title in the cause at bar revested in Speice by law and by right when Porter reacquired the quarter section subsequent to the foreclosure, neither Speice nor his heirs were under any duty to "perfect" their right by an action to quiet title. The prior deed continued to serve as a valid muniment of Speice's outstanding interest in the minerals. Colby v. Stevenson, Okl., 265 P.2d 477. See Guy v. Poss, 212 Ga. 724, 95 S.E. 682.

Neither can it be said that there had existed or accrued any "cause of action" in favor of the defendants as, by force of law, they were justified in placing continued reliance on the strength of their own title until plaintiffs challenged the same in the present cause.

The language found in paragraph 2 of the syllabus in Marx v. Beard, supra, to the effect that a "cause of action for quieting his title to such mineral interest on the basis of such grantor's reacquisition of title, does not accrue until such reacquisition", is not to be construed as a pronouncement of the general rule. In the body of the opinion it was expressly stated that the applicability of the 15 years' period of limitation, as prescribed by 12 O.S.1951 § 93, subdiv. 4, did not require consideration in reaching a decision.

In view of the foregoing it is clear that no statute of limitation was set in motion or commenced to run against the mineral interest of Speice, either from the time of Porter's reacquisition of title or from the day of Brown's purchase in 1941.

■ Finally, plaintiffs urge that defendants' cause of action is barred by laches for lack of vigilance in asserting their rights to the mineral interest. They

point out that 24 years have passed since Porter's reacquisition of the land and 17 years since the Brown's purchase from Porter, during which time new encumbrances were placed upon the property by the plaintiffs. The argument so advanced is without merit. Neither party was misled or prejudiced by the delay. Moreover, as pointed out above, the outstanding mineral interest of Speice was a matter of record, and its assertion in a judicial forum was neither required nor essential to its continued validity. Colby v. Stevenson, supra; Grisham v. Southland Royalty Company, supra. We find no error in the judgment of the trial court.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.