SINGER–FLEISCHAKER ROYALTY COMPANY, a partnership, successor to Provident Royalties Corporation, Plaintiff in Error,

v.

Everett WHISENHUNT, Blanche M. Whisenhunt, Sinclair Oil and Gas Company, Cabot Corporation, survivor of Cabot Carbon Company, Eason Oil Company, Sinclair Crude Oil Company, and Michigan Wisconsin Pipe Line Company, Defendants in Error.

No. 40323.

Supreme Court of Oklahoma.

Dec. 22, 1964.

Rehearing Denied May 25, 1965.

Rosenstein, Mesirow & Fist, Foster V. Phipps, Tulsa, for plaintiff in error.

Angus A. Davidson and Thomas H. Galey, Tulsa, for Sinclair Oil & Gas Co. and Sinclair Crude Oil Co.

Tom Hieronymus, Woodward, for Everett Wisenhunt and Blanche H. Wisenhunt.

Lytle, Soule & Emery, by Robert J. Emery, Oklahoma City, for Eason Oil Co.

R. E. Batson, Jr., Pampa, Tex., for Cabot Corp.

IRWIN, Justice.

Singer-Fleischaker Royalty Company, successor to Provident Royalties Corpora-

tion, hereinafter referred to as plaintiff, commenced proceedings against defendants in error, referred to as defendants, to quiet title to an undivided one-half interest in the minerals under a 120 acre tract of land in Beaver County, Oklahoma, and for other relief in connection therewith. In such proceeding plaintiff sought to invoke the equitable doctrine of estoppel by deed and asserted its title by virtue of Title 16 O.S. 1961, § 17.

The trial court sustained defendants' demurrers to plaintiff's amended petition and on plaintiff's election not to further plead, the cause was dismissed. Plaintiff perfected the present appeal.

## FACTS

Provident Royalties Corporation, plaintiff's predecessor in title, acquired its mineral interest in 1927, and such interest was subject to a mortgage executed by William A. Mulberry and his wife in 1916, which was due and payable in 1921. The time for paying the mortgage indebtedness had been extended in 1921 and 1926, by written extensions after the Mulberrys had conveyed the property in 1921, and the mortgage was foreclosed in 1935. A Sheriff's Deed was issued in 1936, and in 1943 the original grantor-mortgagor, William A. Mulberry, re-acquired title to property. It is by virtue of the re-acquisition of the property by the original grantor-mortgagor, William A. Mulberry, that plaintiff sought to invoke the doctrine of estoppel by deed and quiet its title against the defendants who deraign their title through William A. Mulberry after he reacquired the property in 1943.

Plaintiff's action is based on the covenants of warranty contained in the deed when William A. Mulberry conveyed the property in 1921. Plaintiff's theory is that by virtue of Title 16 O.S.1961, § 17, title to plaintiff's mineral interest accrued and inured to the benefit of and became immediately vested in Provident Royalty Corporation, plaintiff's predecessor, by operation of law, upon re-acquisition of the property by William A. Mulberry in 1943.

In order to clarify the facts and issues, a summary of the conveyances affecting title to the premises is set forth.

On November 25, 1916, William A. Mulberry, the then owner of the fee simple title to 160 acres of land, and his wife, executed a mortgage for $1400.00 covering the 160 acres. This mortgage was filed for record on November 26, 1916, and was due and payable on November 25, 1921.

On April 2, 1921, William A. Mulberry and his wife, conveyed the 160 acre tract to W. G. Flint by warranty deed and the mortgage was excepted from the covenant against encumbrances.

On July 30, 1921, W. G. Flint, conveyed the premises to Alexander Heinz and Mary K. Heinz, by warranty deed and the mortgage was excepted from the covenant against encubrances.

On November 25, 1921, the day the mortgage indebtedness was due and payable,. Alexander Heinz and Mary K. Heinz, the then owners of the property, entered into a written extension agreement with the assignee of the mortgage and the interest on the coupons was increased from six per cent to seven per cent per annum. In this extension agreement the time for payment of the mortgage was extended five years and Alexander Heinz and Mary K. Heinz assumed and agreed to pay the debt secured by the mortgage. This extension agreement was not filed for record and William A. Mulberry was not a party thereto.

On July 9, 1924, Alexander Heinz conveyed the premises to Mary K. Heinz by warranty deed and the mortgage was excepted from the covenant against encumbrances and Mary K. Heinz assumed and agreed to pay the mortgage indebtedness.

On January 17, 1925, Alexander Heinz and Mary K. Heinz, conveyed the premises to George Merrett by warranty deed and the mortgage was excepted from the covenant against encumbrances.

On May 26, 1925, George M. Merrett conveyed the premises to Clarence E. Still by warranty deed and the mortgage was excepted from the covenant against encumbrances.

On June 10, 1925, Clarence E. Still conveyed the premises to Ellen Sanger by warranty deed and the mortgage was excepted from the covenant against encumbrances.

On February 4, 1926, Ellen Sanger conveyed the premises to Walter Mulberry by warranty deed and the mortgage was excepted from the covenant against encumbrances. It is to be noted that Walter Mulberry is not the same as William A. Mulberry, the original mortgagor.

In December, 1926, Walter Mulberry conveyed the premises to Seneca Shelinbarger by warranty deed. The mortgage was excepted from the covenant against encumbrances and Seneca Shelinbarger assumed and agreed to pay the mortgaged indebtedness.

On December 2, 1926, Seneca Shelinbarger and his wife, entered into a written extension agreement with the assignee of the mortgage. In the extension agreement the time for payment of the mortgage was extended five years from November 25, 1926, and Seneca Shelinbarger and his wife assumed and agreed to pay the debt secured by the mortgage. This extension agreement was not filed for record and William A. Mulberry was not a party thereto.

On December 8, 1926, Seneca Shelinbarger and his wife conveyed an undivided one-half interest in the minerals under the 160 acre tract to Walter Mulberry by warranty deed. The mortgage was not mentioned.

On October 4, 1927, Walter Mulberry conveyed to Provident Royalties Corporation (plaintiff's predecessor) by warranty deed an undivided one-half mineral interest in and to 120 acres of the 160 acre tract. The mortgage was not mentioned. The interest conveyed in this deed is the interest to which plaintiff asserts its title by virtue of the re-acquisition of the property by William A. Mulberry.

In 1935, mortgage foreclosure proceedings were commenced. In this foreclosure proceeding, the assignee of the mortgage sought personal judgment only against the Shelinbargers who had entered into the last extension agreement for payment of the mortgage and who had assumed and agreed to pay the mortgage indebtedness.

In 1936, a Sheriff's Deed was issued and in 1943, William A. Mulberry re-acquired the premises. The defendants have an interest in the premises acquired from or through William A. Mulberry after he re-acquired the property in 1943. The validity of the foreclosure proceedings, the sale and the issuance of the Sheriff's Deed are not questioned.

## CONCLUSION

A terse definition of the doctrine of estoppel by deed, which plaintiff seeks to invoke, is found in Section 6, 19 Am.Jur., Estoppel, page 603, wherein it is stated:

> "Estoppel by deed is a bar which precludes one party to a deed and his privies from asserting as against the other party and his privies any right or title in derogation of the deed or from denying the truth of any material facts asserted in it. * * *"

This familiar doctrine, while of common-law origin, was fused into our jurisprudence by enactment of Title 16 O.S.1961, § 17, which provides that "All rights of a * * * grantor in and to the premises described in the instrument and existing at the time or subsequently accruing, shall accrue to the benefit of the * * * grantee * * * or conveyed by his deed, * * *"

In construing the above statutory provision in Lucus v. Cowan, Okl., 357 P.2d 976, where the doctrine of estoppel by deed was invoked, we said:

> "It is settled law in Oklahoma that a grantor who conveys a mineral interest in land under warranty of title, which land is subject to a mortgage and which the grantor is obligated to satisfy, but thereafter permits the property to be

sold at a mortgage foreclosure, subsequent reacquisition of such property by said grantor operates to revest immediately the after-acquired title in grantee and will inure to his benefit. Grisham v. Southland Royalty Company, supra (332 P.2d 1099); Marx v. Beard, supra (302 P.2d 132); Equitable Royalty Corp. v. Hullet, supra (206 Okl. 233, 243 P.2d 986); Hanlon v. McClain, 206 Okl. 227, 242 P.2d 732; Bliss v. Wilcox Oil Co., 206 Okl. 232, 242 P.2d 739; Triangle Royalty Corp. v. Graves, supra (206 Okl. 409, 242 P.2d 740); Born v. Bentley, 207 Okl. 21, 246 P.2d 738."

In the Born v. Bentley case, cited above, we considered for the first time the application of the doctrine of estoppel wherein the grantor-mortgagor excepted from the warranty the covenant against encumbrances in a mineral deed. In that case the grantor-mortgagor was obligated to satisfy the mortgage and there was no obligation on the mineral deed grantee to discharge the mortgage and we held:

"Where a mineral deed conveying one-half interest in the minerals contains covenants of warranty and the only reference to an outstanding mortgage to a third party is to except it from the covenants against encumbrances, such exception does not extend to or affect the covenants of warranty, and where the mortgage is subsequently foreclosed and the property sold and reacquired by the grantors from the purchaser at the foreclosure sale, the after-acquired title to one-half the minerals would inure to the grantee or to his benefit under the equitable doctrine of estoppel by deed."

An examination of the above cases, cited and relied upon in Lucus v. Cowan, supra, discloses that the doctrine of estoppel by deed was invoked in favor of the holders of mineral interests, who had no obligation to pay the mortgage indebtedness, against grantors who were obligated to satisfy the mortgage indebtedness but failed to discharge the same and permitted the mort-

gaged property to be sold at mortgage foreclosure proceedings.

However, in the instant action, the original grantor-mortgagor (defendants' predecessor in title) had been released from his obligations to satisfy the mortgage indebtedness, and plaintiff's predecessor in title deraigned its title through owners who had become obligated to satisfy the same prior to the time plaintiff's predecessor acquired its mineral interest. This statement is based on the following facts and applicable law.

■ As heretofore set forth, the original mortgage was executed by William A. Mulberry (the original grantor-mortgagor) on November 25, 1916, and in 1921, when he conveyed the property, the mortgage was excepted from the covenant against encumbrances. On November 25, 1921, the then owner of the property (Heinz) entered into a written extension agreement with the holder of the mortgage. In this extension agreement, the time for payment of the mortgage was extended for five years, the annual interest rate was increased from six per cent to seven per cent per annum, and Heinz assumed and agreed to pay the debt secured by the mortgage. A subsequent extension agreement was also entered into by the Shelinbargers, the then owners of the property, in December, 1926. Plaintiff did not allege nor does it contend that the original mortgagor (William A. Mulberry) had knowledge of or consented to the extension, or was not released from all his obligations to satisfy the mortgage indebtedness. Therefore, William A. Mulberry was not only released from all his obligations to satisfy the mortgage indebtedness by operation of law, by virtue of the extension agreements, (see Sawyer v. Bahnsen, 102 Okl. 41, 226 P. 344; and Rice v. Federal Life Ins. Co., 172 Okl. 358, 45 P.2d 49.) but plaintiff's pleadings, with the exhibits attached thereto, in effect, admit that he had been released from all his obligations to satisfy the mortgage indebtedness.

This is further substantiated by the fact that in the foreclosure proceedings, the holder of the mortgage did not seek person-

al judgment against William A. Mulberry but only against the Shelinbargers who entered into the last extension agreement with the holder of the mortgage on November 25, 1926.

■ Also, in April, 1921, when the original grantor-mortgagor conveyed the property by warranty deed, he excepted from the covenant against warranty the mortgage of $1400.00. In this conveyance, he divested himself of all right, title and interest in the property, except perhaps, the right of redemption. Although this conveyance did not release the grantor-mortgagor from his obligations to the mortgagee, if the mortgage debt formed a part of the consideration for the conveyance, the purchaser was bound to indemnify the grantor-mortgagor upon his payment of the debt, although the purchaser had not expressly contracted to pay it. See Johnson v. Davis, 146 Okl. 170, 293 P. 197, as authority for the above statement. In that case we said that it could be shown by parol evidence that the mortgage indebtedness was deducted from the purchase price and formed a part of the consideration for the conveyance of the property.

In examining and analyzing the entire record, we can only conclude that it conclusively discloses that the mortgage debt formed a part of the consideration for the conveyance of the property from the original grantor-mortgagor in 1921, although such conveyance only excepted the mortgage from the covenant against encumbrances.

■ Therefore, the instant case involves the question of invoking the doctrine of estoppel by deed wherein a grantor-mortgagor had been released from all his obligations to satisfy the mortgage indebtedness prior to the time the one who seeks to invoke the doctrine acquired an interest in the property.

In this connection, plaintiff argues that it is not the mortgagor's obligation to redeem because of his personal liability for the debt which compels the application of the doc-

trine of estoppel, but the grantor's obligation to redeem from the prior mortgage encumbrance in order to protect the fee title he has conveyed and warranted.

Stated as a general proposition, plaintiff's theory would seem to support the following statement: "Where A mortgages his land and thereafter conveys the mortgaged premises to B, and B becomes obligated to satisfy the mortgage, if B fails to pay the mortgage and foreclosure proceedings are had and the property sold, B may invoke the doctrine of estoppel by deed against A if A reacquires the property."

We can not subscribe to the theory which plaintiff's argument seems to support, but are of the opinion that B could not invoke the doctrine of estoppel by deed against A.

The Born v. Bentley case, supra, wherein the mortgage was excepted in the covenant against encumbrances and the doctrine of estoppel was invoked, does not support plaintiff's theory or contention. In that case, a mineral interest was involved and the grantee was not obligated to satisfy the mortgage indebtedness but such obligation remained that of the grantor-mortgagor. In the case of Smith v. Hogue, 19 N.D. 337, 123 N.W. 827, relied on in the Born case, the original grantor-mortgagor conveyed property by warranty deed and excepted a mortgage from the covenant against encumbrances. The grantor-mortgagor later acquired an assignment of the mortgage and sought to foreclose the same and rested his case entirely upon the deed, unaided by any oral proof whatever. Although the Supreme Court of North Dakota held for the grantee and against the grantor-mortgagor, the court specifically stated that if the conveyance had been made subject to the mortgage, or had contained a recital that the grantee assumed its payment, an entirely different case would have been presented. See our discussion in Johnson v. Davis, 146 Okl. 170, 293 P. 197, where we found no distinction between "subject to a certain mortgage" and "except a certain mortgage" where the mortgagor pays the mortgage indebtedness and seeks to be indemnified in instances where it could be

shown by parol evidence that the grantee in fact assumed payment of the mortgage debt or the mortgage was deducted from the purchase price.

Also, in the Born case we cited with approval Rooney v. Koenig, 80 Minn. 483, 83 N.W. 399, and quoted with approval the following: " * * * If land is conveyed by warranty deed subject to the mortgage, or the grantee in the deed assumes and agrees to pay the mortgage as a part of the purchase price, the case is not within the rule as to title by covenant, which we have stated, and the grantor in such a case may purchase and enforce the mortgage against the land, * * *."

The North Dakota and Minnesota cases relied on in the Born v. Bentley case, supra, support the proposition that one of the controlling factors in the application of the doctrine of estoppel by deed where mortgage foreclosure proceedings are had, is whether or not the grantor-mortgagor remains obligated to satisfy the mortgage indebtedness.

We are also impressed with the language employed in Born v. Bentley, supra, wherein it is stated:

"In the decisions rendered April 1, 1952, above cited (being the Equitable Royalty Corp. v. Hullet, Hanlon v. McClain, Bliss v. Wilcox Oil Co., and Triangle Royalty Corp. v. Graves, supra), this court was impressed not only with the proposition of estoppel by deed with covenants of unconditional warranty, but also with the inequity of permitting the grantor, the landowner, whose obligation it was to discharge his own mortgage, to profit by his own default thereon to the detriment of his grantee, the mineral owner, whose interest was subject to the mortgage, but who was not so obligated; * * *."

And the case of Rice v. Federal Life Ins. Co., 172 Okl. 358, 45 P.2d 49, where we said the doctrine of relation back (estoppel by deed) is never used except for the promotion of justice or the prevention of an injustice.

In other words, the equitable doctrine of estoppel is used for the promotion of justice or the prevention of an injustice and does not permit a grantor or a grantee, who is or becomes obligated to satisfy a mortgage indebtedness, to profit by his own default to the detriment of his grantor or grantee, who had no obligations to discharge the mortgage indebtedness.

We therefore conclude and hold that "Where A mortgages his land and thereafter conveys the mortgaged premises to B, and B becomes obligated to satisfy the mortgage, if B fails to satisfy the mortgage indebtedness and foreclosure proceedings are had, and the property sold, B may not invoke the doctrine of estoppel by deed against A if A reacquires the property."

Since in the instant action, the original grantor-mortgagor acquired the property after the property had been sold to satisfy the mortgage indebtedness, the above rule is limited to those instances where a grantee is obligated to satisfy the mortgage indebtedness and the property is sold in foreclosure proceedings, and we do not herein consider or determine the application of the doctrine of estoppel by deed where a grantor-mortgagor reacquires property by redemption.

Although plaintiff does not seriously contend that the original grantor-mortgagor had not, by operation of law, been released from all his obligations to satisfy the mortgage prior to the time its predecessor acquired its mineral interest, plaintiff, in effect, argues that if personal liability of the original grantor-mortgagor to satisfy the mortgage is a prerequisite to invoking the doctrine, that such prerequisite can not be imposed in the instant action because when its predecessor acquired its mineral interest there was nothing of record disclosing that the original grantor-mortgagor had been released from all his obligations to satisfy the mortgage indebtedness.

We find it unnecessary to consider or determine whether notice to plaintiff's predecessor that the original grantor-mortgagor had been released from his obligations to satisfy the mortgage indebtedness when it acquired its mineral interest would be re-

quired before plaintiff would be precluded from invoking the doctrine, because when plaintiff's predecessor acquired its mineral interest, it was charged with notice that the original grantor-mortgagor had been released from his obligations. We are of the opinion that under the following facts and law, plaintiff's predecessor was charged with such notice.

As heretofore stated, an examination and analysis of the entire record conclusively shows that the mortgage debt formed a part of the consideration for the conveyance of the property from the original grantor-mortgagor in 1921.

■ Plaintiff was charged with notice that by virtue of Title 42 O.S.1961, § 23, that unless the mortgage was paid within five years from November 25, 1921; or an action commenced within the five years from said date to foreclose the mortgage; or the mortgage had been extended; or some act had transpired which would toll the five year limitations, the mortgage lien would have been extinguished in November, 1926, which was prior to the time plaintiff's predecessor acquired its mineral interest. See American Investment Co. v. City Savings Bank, 181 Okl. 511, 75 P.2d 186; and Moore v. Kennedy, 196 Okl. 455, 165 P.2d 832.

■ Title 25 O.S.1961, § 13, provides that every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself. In Trosper v. McKee, 153 Okl. 12, 4 P.2d 755, we held that whatever is notice enough to excite attention and put a reasonable prudent person on his guard and calls for inquiry, is notice of everything to which inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it. See also Keys v. Ponder, 118 Okl. 234, 226 P. 73, 247 P. 33.

We can only conclude that when plaintiff's predecessor acquired its mineral interest in 1927, there were sufficient instruments on record to put a prudent man upon inquiry as to whether the original grantor-mortgagor (William A. Mulberry) remained obligated to satisfy the mortgage indebtedness or whether he had been released from such obligations. Since inquiry would have disclosed that William A. Mulberry had been released from his obligations, by operation of law, plaintiff's predecessor is deemed and is charged with having constructive notice of the fact itself.

■ We therefore hold that since the original grantor-mortgagor (William A. Mulberry) had been released from his obligations to satisfy the mortgage indebtedness prior to the time plaintiff's predecessor acquired its mineral interest in 1927, and it is charged with notice of such release, plaintiff is not entitled to invoke the doctrine of equitable estoppel by deed. As we have heretofore stated, we are not determining whether notice was necessary as we have found that plaintiff's predecessor was charged with notice.

■ The trial court sustained a demurrer to the pleadings and plaintiff contends that in sustaining the demurrer, the trial court did not consider all of the facts that were well pleaded and admitted by the demurrer.

Plaintiff's contention is bottomed on the proposition that it did not allege that Mulberry, the original grantor-mortgagor was released from his obligations to satisfy the mortgage indebtedness prior to the time it acquired its mineral interest, and that defendants should be required to plead and prove this essential fact and the same cannot be reached by a demurrer.

This Court has consistently held that a demurrer tests the sufficiency of a petition and admits the truth of all facts well pleaded, together with all reasonable inferences which may be reasonably drawn therefrom, and the petition is to be liberally construed in favor of its sufficiency to state a cause of action. See Nutt v. Carson, Okl., 340 P.2d 260.

894

Attached to the amended petition and made a part thereof, are the proceedings in the foreclosure action and copies of all the conveyances. These pleadings contained allegations that Heinz and his wife assumed the indebtedness and executed the mortgage extension agreement; and that the Shelinbargers later assumed the mortgage indebtedness and executed the mortgage extension. Personal judgment was not sought nor had against Mulberry nor Heinz and his wife, but only against the Shelinbargers. Included in the foreclosure actions were the written extension agreements, the first of which increased the rate of interest and both extension agreements are between the parties who made them and Mulberry is not a party to either agreement.

In examining the foreclosure proceedings and the exhibits attached thereto, we find they conclusively disclose, as a matter of law, that the original grantor-mortgagor was released from all his obligations to satisfy the mortgage indebtedness, by operation of law. See Sawyer v. Bahnsen, 102 Okl. 41, 226 P. 344.

Since the foreclosure proceedings, with the exhibits attached thereto, were attached to the amended petition and made a part thereof, and the same discloses that William A. Mulberry was released from all his obligations to satisfy the mortgage indebtedness, by operation of law, we can not sustain plaintiff's contention that these issues could not be reached by a demurrer.

■ Although we have not necessarily determined this cause on the grounds set forth by the trial court, we are not confined to such grounds in our appellate review. See Oklahoma Digest, Vol. 2A, Appeal and Error, Sec. 854(2).

Judgment of the trial court dismissing plaintiff in error's cause of action affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.

HALLEY, V. C. J., dissents.