## GALLOWAY et al. v. LOFFLAND.

No. 19316. Opinion Filed April 29, 1930.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 2.

Hamilton, Gross & Howard, Samuel A. Boorstin, and C. L. Bass, for plaintiff in error.

Fred M. Carter, for defendant in error J. M. Loffland.

DIFFENDAFFER, C. This is an action commenced in the district court of Osage county by plaintiff in error, hereinafter referred to as plaintiff, against defendants in error, hereinafter referred to as defendants, the Prairie Pipe Line Company, and the Prairie Oil & Gas Company, as stated in plaintiffs' brief, to quiet the title to an oil and gas leasehold estate covering the S. ½ of sec. 21, and the S. E. ¼ sec. 20, twp. 24, N. R. 11 E. in Osage county. It is claimed that plaintiff owns said leasehold estate, having bought same from the Denver Osage Oil Company during the year 1923. The lease is a departmental lease given by the Secretary of the Interior. The plaintiff asserts that sometime in November, 1923, defendant L. D. Stephens filed an action in the district court of Osage county against plaintiff herein, upon an alleged claim of $2,000; that, in said action, defendant McLaughlin was appointed receiver, and the leasehold estate sold at receiver's sale to defendant Loffland.

The entire proceedings, including the sale and the confirmation thereof, are attacked as being void, upon the grounds that Galloway was never served with summons in said cause, and was never notified of the appointment of the receiver, and that jurisdiction was never in any way acquired of him in said action. He pleads that he is the owner of and entitled to the possession of said leasehold, and that the possession of defendant Loffland obtained under said sale is wrongful. Defendants Loffland and McLaughlin answered by general denial, and specifically denied that plaintiff is the owner of and entitled to the possession of said leasehold, and alleged that, even if plaintiff was not served with summons in said cause, he had full notice and knowledge of all the proceedings and well knew all the acts and proceedings in said cause, and gave his consent and approval thereto. They further alleged, in substance, that prior to the filing of the action in Osage county above referred to, said Stephens had filed an action in the district court of Tarrant county, Tex., to which action Galloway, individually and as trustee, was a party, and was represented by counsel, and in which he appeared and filed a stipulation or waiver and consented to the appointment of a receiver in said cause, and had both actual and constructive knowledge of all the proceedings in said cause, including the report of the receiver therein, which showed the sale of the Osage county leases by McLaughlin and his settlement with J. P. Straughan, the receiver appointed by the court in the Texas proceedings, which report gave a detailed and complete account of the money received by said Texas receiver from McLaughlin, the Oklahoma receiver, for the sale of the Osage county leases, showing the disposition of said funds so received by Straughan as such receiver; that Galloway had full knowledge of all the facts and made no objection or protest of any kind, but, on the contrary, accepted and approved the same and accepted the benefits of the sale of said Osage county leases and accepted and acquiesced in the acts of said J. P. Straughan, the Texas receiver as shown in said court, which showed that he, J. P. Straughan, had, with the money so received from the McLaughlin Oklahoma receiver, being the proceeds from the sale of the leasehold here involved, paid debts and obligations of said Galloway, individually and as trustee for the J. O. Galloway Oil Interests; and pleaded the acts and conduct of plaintiff as an estoppel and bar to his right of action in this cause.

Plaintiff replied by general denial. The cause was tried to the court without a jury, resulting in findings and a judgment in favor of defendants. From these findings and the judgment, plaintiff, after unsuccessful motion for new trial, appeals.

There are six assignments of error, and thereunder plaintiff presents 11 propositions. The first five need not be considered, since there is no issue thereon.

The sixth and seventh propositions present the only questions in the case as we view it. The sixth is:

"The defendants did not plead estoppel sufficiently."

The seventh is:

"The defendants failed to establish facts sufficient to constitute an estoppel against the plaintiff."

The trial court found:

"That all the proceedings in said cause No. 8164" (the Osage county action) "were and are void, and that the defendant J. M. Loffland acquired no title thereby; but the court further finds that the plaintiff herein is estopped to deny the validity of any of the proceedings or judgments in said cause No. 8164 above mentioned; to which findings of the court, the plaintiff excepts, and the court further finds the issues in this case for the defendants."

We have hereinbefore set out, in substance, the plea of defendants as to estoppel. We think the allegations sufficient in the absence of a demurrer or motion to make more definite and certain. Neither was presented. The only objection was to the introduction of any evidence, and this was not specifically directed to the question of the sufficiency of the plea of estoppel, but was directed to the general proposition that the proceedings under which the leases were sold in the Osage county action were wholly void for want of jurisdiction, and that no act or conduct whatever of the defendant therein, plaintiff herein, could or would work an estoppel against him.

The only authority cited by plaintiff in support of his contention that the answer of defendants did not sufficiently plead estoppel is Bunker v. Harding, 70 Okla. 263, 174 Pac. 749. That case is not in point, for the reason that there was no plea of estoppel whatever in that case. There the question was not the sufficiency of a plea of estoppel, but that there was no such plea. Section 5247, C. O. S. 1921, provides:

"Any person or corporation having knowingly received and accepted the benefits or any part thereof of any conveyance, mortgage, or contract relating to the real estate, shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves."

And section 294, C. O. S. 1921, provides:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties."

In Marshall v. Homier, 13 Okla. 264, 74 Pac. 368, it was held:

"In the absence of a demurrer or motion, unless there is a total omission to allege some material fact, which is essential, upon an objection to the introduction of any evidence, the petition will be held good."

In Jones v. S. H. Kress & Co., 54 Okla. 194, 153 Pac. 653, the liberal rule provided for in section 294, C. O. S. 1921, supra, was applied, wherein it was held:

"A party entitled to an estoppel need not in all cases formally plead the estoppel. If the facts constituting the estoppel are in any way sufficiently pleaded, he is entitled to the benefit of the law arising therefrom."

We think the plea of estoppel of defendants was sufficient in the absence of attack by demurrer or motion.

The seventh proposition goes to the sufficiency of the evidence to sustain the finding and judgment.

We have carefully examined the entire record, and conclude that there is ample evidence to support the finding, and that same is not against the clear weight of the evidence. There is abundant evidence tending to show that plaintiff knew all about the proceedings for the sale of the Osage county leases; that he went to Tulsa in company with Straughan, the Texas receiver, and discussed the steps necessary for the sale; that he requested that the property be sold and the proceeds applied to the development of certain oil property near Corsicanna, Tex., then in the hands of Straughan as receiver; that the property was sold and the net proceeds applied in accordance with this expressed desire; that Straughan and Galloway were in Tulsa discussing the proposed receivership, and that Galloway there told Straughan to do anything he could with the property that he saw fit; that he knew Straughan was all right to handle the property, and that he needed the money to be derived from this sale to carry on the operations on the lease in Texas; that thereafter the sale was had and the money derived therefrom applied to the operations in Texas; that plaintiff knew all about this, and acquiesced therein; that he was notified of the application for appointment of a receiver and made no objection. True, plaintiff denies much of this, but with the conflict in the evidence we are not concerned. The finding and judgment not being against the clear weight of the evidence, the judgment will not be disturbed upon the ground of insufficient evidence.

The eighth proposition is: That as to the defense of estoppel, the burden was upon defendants to prove this defense by a preponderance of the evidence.

Defendants made no issue on this point, and we have already said that the findings and judgment were not against the clear weight of the evidence. We think the de-

fendants have successfully sustained the burden of proof as to this issue.

The ninth proposition is that the receivership proceedings in Osage county, being void for want of jurisdiction, would not bind plaintiff herein, nor divest him of his title to the property, nor give Loffland a title or right to said property.

It must be borne in mind that the trial court did not hold against plaintiff, nor render its judgment in favor of defendants, upon any right lost or obtained by reason of the validity of the receiver's sale of the Osage county leases.

It was expressly found and held that said proceedings were void, but it was further found and held that, by reason of his acts and conduct in relation to said proceedings and the receipt of the benefits of the sale, plaintiff herein is estopped to assert the invalidity of said sale. It is by reason of this and the provisions of section 5247, C. O. S. 1921, supra, and not the validity of said sale, that defendants are protected.

For the reasons stated, the tenth proposition has no application here. The proposition is:

"The sale of the property involved in this action by J. R. McLaughlin, receiver, was void for want of due process of law as required by the Fifth and Fourteenth Amendments to the U. S. Constitution, and section 7, article 2, of the Oklahoma Constitution."

As heretofore pointed out, it was not the sale of the property under the proceedings that deprives plaintiff of his property, but his acts and conduct are held to estop him from asserting his claim thereto.

The next and last proposition is, that this court in a purely equitable action will render such judgment as the trial court should have rendered.

We think the trial court rendered the proper judgment, and that same should be affirmed.

BENNETT, HERR, EAGLETON, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.