## ALLRED v. ROYALTY OWNERS' ASS'N.

No. 33563. March 21, 1950.

*216 P. 2d 281.*

B. F. Davis, J. A. Patterson, and Earl A. Davis, all of Wewoka, for plaintiff in error.

Thos. J. Horsley, Hicks Epton, and Dudley H. Culp, all of Wewoka, and E. D. Holley, of Maud, for defendant in error.

ARNOLD, V. C. J. This is an action to cancel a mineral conveyance and for accounting of royalty received by the grantee under same.

The essential facts are not in controversy.

The defendant is an incorporated association engaged in the business of managing mineral interests conveyed to and pooled by it. It has and exercises the power to lease or sell said interests transferred to it. Under its scheme of operation, a designated portion of the net proceeds from sale, lease bonuses or accrued royalties are retained by it for its services, and the remaining 75 per cent is disbursed proportionately to its grantors. The scheme of operation provides for its transferrers, members or poolers what is known in the oil industry as a "spread."

It was stipulated by the parties that plaintiff was the owner of the land, an undivided portion of the minerals of which was conveyed to the defendant, at the time the conveyance was executed and delivered May 17, 1932; that a copy of the by-laws of the defendant company and a certificate of membership in the association, hereinafter more specifically referred to, were delivered to the plaintiff at the time of the execution and delivery of the deed and that these instruments constituted the entire agreement between the parties.

The conveyance of plaintiff to defendant of 1/8th of her minerals under the

land described, standing alone, is an outright conveyance without limitation. It is not contended otherwise.

Leaving off the formal parts of the membership certificate it reads as follows:

"This is to certify that Lula Polk has this day sold and transferred to Royalty Owners Association Ten Acres of Mineral, Oil and Gas rights, located in Seminole County, Oklahoma, described as follows:

E½ NW¼ of Section 8, Township 9N, Range 7E.

and in consideration of such transfer, the said Lula Polk has become a member of the Royalty Owners Association, with the full right to participate in the net earnings of said Company, or the net value of the sale price of any of its properties, in proportion and according to the interest held by him as evidence—by this Certificate and the By-Laws of the Company. If the lands so conveyed have not been sold or developed for oil or gas within ten (10) years from the date of this Certificate, the same will be reconveyed to the holder hereof, his legal representatives, heirs or assigns, on written demand."

The by-laws of the company provide that:

"All property so transferred to the company shall be transferred by general warranty deed for a term of ten (10) years. . . . All deeds and transfers, while reciting they are for ten (10) years, shall nevertheless be binding on the grantors for so long as oil and-or gas may be produced from any land so conveyed; provided, operations for such production are commenced within ten (10) years from the date of such conveyance, . . ."

Provision is also made that the by-laws shall be and become a part of every certificate of membership issued.

On June 10, 1942, the defendant sent plaintiff a questionnaire which she filled in and returned to the company saying that she was still the owner of the 80-acre tract of land above described and wanted to remain a member of the association. No doubt, she had theretofore and throughout the period of her membership received the benefits which her membership entitled her to. After requesting that she be continued as a member or pooler, she received at the times indicated below, the following amounts as benefits accruing to her by reason of her membership in the association under its scheme of operation as set forth in her certificate and the by-laws of the company:

| September 12, 1942 | $12.50 |
| July 10, 1943 | $15.00 |
| May 7, 1945 | $15.00 |

An oil and gas lease was executed by plaintiff June 25, 1945, wherein plaintiff recognized that her interest in the minerals was only 7/8ths of the entire mineral estate and accepted her portion of the bonus on this basis. In the month of September, 1945, production was had under said lease and the lease signed by defendant. A division order was signed by the plaintiff and in accordance with the asserted mineral interest therein, plaintiff received payment of accrued royalties on the basis of ownership of 7/8ths of the mineral estate. She received royalty on this basis until February, 1947. Certain letters are in evidence written by plaintiff to defendant bearing dates subsequent to 10 years after the execution and delivery of the deed which demand payment of accrued benefits on the basis of membership in the association or as a so-called pooler.

It appears to us that plaintiff's contention is that a limited estate was created by the deed and certificate of membership for a period of 10 years only unless oil or gas was produced in paying quantities within that time, which is not the case here, and that therefore the estate expired, reverted, and merged with the fee-simple title of plaintiff. She cites Coline Oil Co. v. Cannon, 144 Okla. 133, 289 P. 763, and 40 C. J. 987, §577.

The defendant pleaded estoppel and points to all the foregoing facts and circumstances to support its contention in this respect and the judgment in its favor.

The plaintiff asserts that estoppel will not work a transfer of an interest in real estate and is therefore not applicable here.

The by-laws of the company contemplate that all deeds to it shall be for 10 years and that membership shall continue for a corresponding length of time, unless oil or gas is produced or operations therefor are begun within 10 years after the execution of the deed and certificate. The deed here, however, was unlimited and unconditional and the legal title to the mineral interest conveyed remained in defendant after expiration of 10 years from the date of deed and certificate. However, plaintiff had the right, after expiration of said 10-year period and before accepting any benefits of a different arrangement, to reconveyance of the mineral interest upon written demand. No such demand was made until production was had under a valid lease executed after plaintiff had received and retained the benefits of a new or extended membership.

Membership and the rights that flow from it are based upon title of the mineral interest of the member being vested in the company. Development within the meaning of the by-laws and the certificate would extend the title and membership so long as there is production of oil or gas in paying quantities on the land involved. Since the by-laws, which are binding on the plaintiff, contemplate and require membership of 10 years, under the circumstances here, the plaintiff's request that she be continued as a member or pooler was in effect a request that she be continued as a member for another 10 years and the company would have no right in the meantime to terminate her membership by reconveyance of her mineral interest.

16 O. S. 1941 §11 provides that:

"Any person or corporation, having knowingly received and accepted the benefits or any part thereof, of any conveyance, mortgage or contract relating to real estate shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud, . . ."

The plaintiff took the benefits on the basis of membership for another 10-year period on the terms prescribed by the by-laws and she is now precluded from asserting that her membership is on the basis expressed in her original certificate because said certificate was issued in conformity with the by-laws. Since membership in the association is dependent upon valid existing title in the company, the plaintiff is estopped to deny that her deed to the company did not vest title in the company for at least another 10-year period. See Nickel v. Janda, 115 Okla. 207, 242 P. 264, and other cases cited on the point in the annotation of the foregoing section of the statutes.

Judgment affirmed.

GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. WELCH and CORN, JJ., concur in result. O'NEAL, J., dissents.