**MAYER v. PETTIGREW.**

No. 36014.

Supreme Court of Oklahoma.

June 29, 1954.

Harrell & Trice, Ada, for plaintiff in error.

King & Wadlington, Ada, for defendant in error.

WILLIAMS, Justice.

This action was brought by plaintiff Hinabe Pettigrew to quiet title to certain land and to cancel a resale tax deed thereon issued to the defendant W. J. Mayer.

Defendant alleged that plaintiff is estopped to question the validity of the resale tax deed in question by reason of his having claimed from the County Treasurer the excess or surplus of the purchase price paid as consideration for the resale tax deed, such surplus being the amount for which the land sold at tax resale, less the amount of taxes, penalties and interest due the county. Plaintiff replied to the answer of defendant, alleging that plaintiff did not know what the checks received by him were for and that he had been led to believe that such checks were for refunds of taxes erroneously paid on other lands.

Upon the trial of the issues thus joined the court rendered judgment for the plaintiff quieting his title to the land in question and cancelling the resale tax deed issued to defendant.

Defendant appeals, urging only one proposition of error, namely, that the owner of real estate who withdraws and accepts from the County Treasurer the surplus of the purchase price paid as a consideration for a tax deed to such real estate is estopped from attacking the invalidity of such deed.

It is stipulated and agreed that the lands in question were taxable for the years in which the taxes were assessed.

16 O.S.1951 § 11, provides that:

"Any person or corporation, having knowingly received and accepted the benefits or any part thereof, of any conveyance, mortgage or contract relating to real estate shall be concluded thereby and estopped to deny the validity of such conveyance, mortgage or contract, or the power or authority to make and execute the same, except on the ground of fraud; but this section shall not apply to minors or persons of unsound mind who pay or tender back the amount of such benefit received by themselves."

We have previously held the provisions of the quoted statute applicable to the owner of land sold at tax sale who accepts the benefits of such sale. See Campbell v. McGrath, 117 Okl. 126, 245 P. 634.

There can be no doubt but that the plaintiff in the case at bar received the excess of the purchase price paid for the resale tax deed in question. The issue, however, seems to be whether plaintiff received such surplus knowing it to be the proceeds of the sale of his land at tax resale. In other words, did plaintiff "knowingly receive or accept benefits" of the void resale deed within the statute estopping any person from denying the validity of conveyance of which he has accepted the benefits.

In the case of Thieman v. May, 203 Okl. 655, 255 P.2d 356, we held that if the plaintiff did not *knowingly* receive or accept the benefits of the tax deed, he was not estopped thereby. In other words, it is not sufficient to constitute an estoppel that the benefits were received or accepted but such receipt or acceptance must be with knowledge of the purpose and source of such benefits, or as stated in 31 C.J.S., Estoppel, § 110 d, page 356:

"Nevertheless, where it is claimed that a person is estopped from suing for the recovery of property by reason of his having received the proceeds of the sale thereof, it should be made to appear, in order to maintain the plea, that such proceeds were received knowingly, since if he received them ignorantly, supposing they came from some other source, although he may be compelled to refund, there is no estoppel."

To the same effect, see also Ryburn v. Carney, 170 Okl. 255, 39 P.2d 9.

Plaintiff is a full-blood Chickasaw Indian and testified that he had only a second grade education. He also testified that taxes on his land were always paid by the Indian Department at Muskogee, Oklahoma, and that he knew nothing about it. He further testified that he did not know that the land in question had been sold for taxes and did not know that the money he received from the County Treasurer constituted the excess of the purchase price paid at such tax sale. He testified that he thought that the money he received was a return of some taxes erroneously paid on other lands. The two claims upon which the excess of the tax sale proceeds were paid were introduced in the evidence and bear the name of plaintiff and also an assignment of such claim to one Dawes Dyer purportedly signed by plaintiff. The checks issued by the County Treasurer were payable to Dawes Dyer but also bore an endorsement purporting to be that of plaintiff. Plaintiff denied signing the claims but admitted having endorsed one of the checks and receiving the proceeds thereof. Defendant introduced other exhibits bearing the admitted signature of plaintiff for the purpose of comparison with the signatures on the claims and checks relative to the tax sale proceeds. No expert handwriting testimony was offered, however.

Defendant suggests that the execution of the claims upon which the payments were made proves that plaintiff "knowingly" accepted these benefits and suggests that we compare the exhibits which admittedly bear plaintiff's signature with the signatures on the claims and then determine that plaintiff did in fact sign these claims. The evidence before the trial court as to whether plaintiff knowingly accepted the benefits of the tax sale was conflicting.

The trial court saw and heard the witnesses and was in a much better position to weigh their testimony than we are. We are unable to say that the judgment is against the clear weight of the evidence, and it is therefore affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, ARNOLD and BLACKBIRD, JJ., concur.

O'NEAL, J., dissents.