2011 OK 40

**Charlie J. PERME, Plaintiff/Appellee,**

and

**Richard A. Hayes and Margaret A. Hayes, Plaintiffs,**

v.

**The SOUTHERN CHEROKEE NATION OF OKLAHOMA a/k/a the Southern Cherokee Indian Tribe a/k/a Southern Cherokees a/k/a Southern Cherokee Tribal Nation a/k/a Southern Cherokee Nation, a Treaty Tribe a/k/a Southern Cherokee, a Treaty Tribe, Defendant/Appellant,**

and

**Gary Ridge, Defendant,**

and

**Andrew Light, Defendant/Appellant,**

and

**Stevie A. Matthews, Defendant,**

and

**James Robert Wilson, Defendant/Appellant.**

**Nos. 109151, 109162.**

Supreme Court of Oklahoma.

May 17, 2011.

Chadwick R. Richardson, Muskogee, Oklahoma, and David S. Akers, Branson, Missouri, for Plaintiff/Appellee Charlie J. Perme.

D.D. Hayes, Muskogee, Oklahoma, and L.V. Watkins, Muskogee, Oklahoma, for Defendants/Appellants Southern Cherokee Nation of Oklahoma, Andrew Light and James Robert Wilson.

COMBS, J.

¶ 1 In August 2000, Dynamic Gaming Solutions, Inc. (Dynamic), entered into an agreement with Gary Ridge, who represented himself as the Chief of the Southern Cherokee Nation. Pursuant to said agreement, Dynamic agreed to purchase two pieces of property in Webber Falls, Oklahoma, for the purpose of constructing a casino. Such casino operation was represented to be legally possible, according to Mr. Ridge, because the Southern Cherokee were a legitimate Indian tribe and, therefore, were a sovereign nation able to construct and operate a gaming business. Mr. Perme, who was a principal in Dynamic, agreed, as part of such transaction, to purchase eighty (80) acres for the benefit of Mr. Ridge and his tribe. The subject eighty (80) acres was deeded on August 28, 2000, by Richard A. Hayes and his wife, Margaret A. Hayes, to "The United States of America to be held in trust for the Southern Cherokee Indian Tribe."

¶ 2 A subsequent deed from Dynamic Gaming Solutions, Inc., to the United States to be held in trust for the Southern Cherokee Indian Nation was submitted to the Bureau of Indian Affairs (BIA) to be held in trust for the Southern Cherokee Indian Nation.[1] The BIA denied the request to hold the property in trust and further indicated that the Southern Cherokee Indian Nation was not a federally-recognized Indian tribe.

¶ 3 Mr. Perme eventually became the sole member of Dynamic. Neither Perme, nor any other member of Dynamic, ever met the defendants Andrew Light, Stevie A. Matthews or Robert Wilson before the execution of the contract with Gary Ridge or prior to execution of the deed by Mr. and Mrs. Hayes to the Southern Cherokee. Perme had no knowledge of the dispute regarding who was Chief of the Southern Cherokee. On January 9, 2009, Defendant Stevie A. Matthews, purportedly acting on behalf of the Southern Cherokees, executed a quit claim deed for the eighty (80) acres to Defendant Robert Wilson.

¶ 4 On January 7, 2011, the trial court heard arguments on the motion for summary judgment and found no genuine issue of material fact to be determined. The motion rested purely on a legal determination the Southern Cherokee Nation is not a federally-recognized Indian Tribe, and this group presented no evidence they were ever involved in the transfer of the property between Richard A. and Margaret A. Hayes, Dynamic Gaming Solutions, Inc., and Gary Ridge. The trial court further found the deeds, (originating with the deed from the Hayeses to the United States of America to be held in Trust for the Southern Cherokee Indian Tribe, dated September 29, 2000), were void as being deeded in trust for a nonexistent entity. The subject eighty (80) acres was then returned to the Hayeses and the Defendants were divested of any claim, right, title or interest in the property described in the conveyance dated the 29th day of September 2000, and recorded at Book 2785, Page 012, of the records of the Muskogee County Clerk.

## STANDARD OF REVIEW

¶ 5 An appeal on summary judgment comes to this Court as a *de novo* review. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On appeal, this Court assumes "plenary independent and non-deferential authority to reexamine a trial court's legal rulings." *Kluver v. Weatherford Hospital Auth.*, 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084.

1. The record does not contain a conveyance for the eighty (80) acres to Dynamic, only a referenced conveyance from Dynamic Gaming Solutions, Inc., to the United States of America, to be held in trust for the Southern Cherokee Indian Nation as reflected in the BIA correspondence of April 29, 2002.

## ANALYSIS

¶ 6 The trial court in the instant matter reached the correct result. In *Sullivan v. Buckhorn Ranch Partnership*, 2005 OK 41, ¶ 24, 119 P.3d 192, this Court held:

[T]here must be a grantor and a grantee to be a valid deed, and that the grantee must have a legal existence. An attempted conveyance to a non-existing legal entity may, like an attempted conveyance to a fictitious person, be of no effect and void—passing no title and conveying no interest whatsoever . . .

See also, *Jones v. Alpine Investments, Inc.,* 1987 OK 113, 764 P.2d 513.

¶ 7 In the present matter, the Southern Cherokee Indian Tribe, a/k/a Southern Cherokees, a/k/a Southern Cherokee Tribal Nation, a/k/a Southern Cherokee Nation, a Treaty Tribe, a/k/a Southern Cherokee, a Treaty Tribe, presented no proof they were a legal, recognized entity. They are not federally recognized as they are not listed in the Federal Register, pursuant to Title 25 USC § 479a (1994) or 25 CFR § 151.2 (2001). The Southern Cherokee Nation or any derivative thereof has not been recognized by any court so as to gain recognition as an Indian Tribe. No benefits were ever received by the purported tribe as a result of the deed. The Southern Cherokees are not a legal entity. The purported conveyance to a nonentity is not allowed under Oklahoma law and the deed is void on its face.

¶ 8 In the consolidated case (Supreme Court Case Number 109,162), the issue of the validity of the quit-claim transfer of the property in question by Stevie A. Matthews, purported Speaker of the Council of the Southern Cherokee, to James Robert Wilson on January 9, 2009, is raised. Title 16 O.S.2001, Ch.1, § 18 provides:

A quitclaim deed, made in substantial compliance with the provisions of this chapter, shall convey all the right, title and interest of the maker thereof in and to the premises therein described.

In *Atkinson v. Barr*, 1967 OK 103, ¶ 22, 428 P.2d 316, this Court held:

A quit-claim deed conveys only such interest and title as the grantor owned at the time of the execution of the deed, and does not convey a subsequently acquired title and conveys only such interest in the property as the grantor actually owns, if any, and grantor thereby does not covenant to convey perfect title. (Citations omitted).

In the present matter, neither the Southern Cherokee Nation, nor any derivative thereof, ever held title to the property in question. The quit-claim deed from Stevie A. Matthews, purported Speaker of the Council of the Southern Cherokee to James Robert Wilson conveyed, if anything, exactly what the grantor, Southern Cherokee Nation owned, which was nothing.

¶ 9 The trial court was correct in finding the subject eighty (80) acres was returned to the Hayeses as the deed was void on its face and the Defendants were divested of any claim, right, title or interest in the property.

### JUDGMENT OF THE TRIAL COURT IS AFFIRMED

¶ 10 CONCUR: TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, COMBS, GURICH, JJ.

¶ 11 CONCUR IN RESULT: REIF, J.